

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00276-CV

———————————————

MAUREEN SCOTT, Appellant

V.

WAYNE KEITH SMITH, Appellee

On Appeal from the 211th District Court
Denton County, Texas
Trial Court No. 20-7037-211

Before Sudderth, C.J.; Kerr and Wallach, JJ.
Memorandum Opinion by Justice Wallach

# MEMORANDUM OPINION

Appellant Maureen Scott appeals from the final decree of divorce dissolving her marriage to Appellee Wayne Keith Smith. Because she has inadequately briefed her issue, we will affirm.

## Background

In September 2020, Scott filed for divorce from Smith. After Scott's attorney was allowed to withdraw in February 2022, Scott did not retain new counsel,[1] and she represented herself at trial. After the trial, the trial court signed a final decree awarding Scott no spousal support, ordering Smith to pay Scott $655 a month in child support, awarding Smith the parties' former marital residence, and awarding Scott a home that she had purchased after moving out of the marital residence. The decree further ordered Scott to pay Smith $35,996,[2] plus $1,400 that the court had previously ordered her to pay in attorney's fees.

## Discussion

In one issue, Scott argues that the trial court abused its discretion "with regards to its rulings in the instant matter as it pertains to child support, spousal support, and equitable distribution of assets." However, Scott's brief does not provide accurate citations to the record to support the factual assertions on which she bases her

---

[1] At trial, Scott stated that she could not afford an attorney.

[2] Smith had requested at least $56,000 in damages for necessary repairs to the former marital residence.

arguments. *See* Tex. R. App. P. 38.1(g). Although she does provide citations to four pages of the record, the pages to which she cites have no logical connection to her arguments. Most of her arguments are also unsupported by any citations to legal authority. *See* Tex. R. App. P. 38.1(i).

Additionally, Scott does not provide clear, concise arguments for her contentions and does not provide any specific factual assertions for most of her arguments. *See id.* Instead, she makes only conclusory statements. For example, Scott argues that she was entitled to spousal support as a matter of law, but she does not tell us on what basis she was entitled to support or where in the record we may find evidence showing her entitlement to the support.[3] *See* Tex. R. App. P. 38.1(g), (i). Scott asserts that Smith violated the trial court's order by removing property from the house, but she does not tell us what property he removed or what part of the record supports her assertion. She contends that the trial court "entirely disregarded evidence pertaining to the instant matter and made its ruling erroneously thereby constituting an abuse of discretion," but she does not tell us what evidence the trial court disregarded. Scott also argues that Smith submitted false information regarding his income and finances in order to reduce child support. However, she does not tell us

---

[3]Additionally, Scott acknowledges that her attorney, when she had one, never raised the issue, and she cites no part of the record where she pled for spousal support or raised the matter at trial. *See* Tex. R. App. P. 33.1; *see also* Tex. R. Civ. P. 301 (stating that the trial court's judgment must conform to the pleadings).

what evidence submitted by Smith was false or whether she raised the issue in a pretrial motion, at trial, or in a post-trial motion.[4]

Because Scott's brief contains only conclusory allegations, unsupported by any record references or meaningful analysis, she has waived any error. *See NexPoint Advisors, L.P. v. United Dev. Funding IV*, 674 S.W.3d 437, 447 (Tex. App.—Fort Worth 2023, pet. filed); *see also In re M.C.M.*, Nos. 05-21-00242-CV, 05-21-00373-CV, 2023 WL 4117080, at *3 n.8 (Tex. App.—Dallas June 22, 2023, no pet.) (mem. op.) (stating that "a brief fails if we are required to guess about the party's complaints, search the record for facts that may be favorable to a party's position, or conduct research that might support the contentions made"); *Yeldell v. Denton Cent. Appraisal Dist.*, No. 2-07-313-CV, 2008 WL 4053014, at *2–3 (Tex. App.—Fort Worth Aug. 29, 2008, pet. denied) (per curiam) (mem. op.). We overrule her sole issue.

## Conclusion

Having overruled Scott's sole issue, we affirm the trial court's final decree of divorce.

---

[4]Scott also includes in her brief an argument that Smith has not been paying his child support since the trial. However, that complaint is not a challenge to the divorce decree. If Scott wishes to complain about Smith's post-decree conduct, she must first raise the issue in the trial court, *see, e.g.*, Tex. Fam. Code Ann. § 157.001, and obtain a ruling, *see* Tex. R. App. P. 33.1. If she refers to a failure to pay child support before the trial court rendered judgment, she directs us to no place in the record where she pled to recover unpaid child support or where she raised the matter at trial.

                                        /s/ Mike Wallach
                                        Mike Wallach
                                        Justice

Delivered:  March 28, 2024